

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THOMAS GUNHAMMER, | CIV 07-3028 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| DEBORAH K. BOWMAN, in her official capacity as Secretary of the South Dakota Department of Social Services and DAVID CARLISLE, Investigator, South Dakota Office of Child Support Enforcement, in his individual and official capacity, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 challenging the garnishment of his South Dakota unemployment benefits to pay a Rosebud Sioux Tribal Court judgment for child support. Plaintiff filed an application to proceed without the prepayment of fees. Plaintiff contends that he was deprived of his right to receive state unemployment benefits without due process of law and that, as a member of the Rosebud Sioux Tribe, he is protected from the legislative enactments of the State of South Dakota and he is exempt from state law regarding withholding of child support payments (although he is apparently not exempt from South Dakota law to the extent it allows him to receive state unemployment benefits).

28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. Section 1915(e)(2)(B)[1] authorizes the district court to dismiss a proceeding wherein the complainant is proceeding *in forma pauperis* if the action is frivolous or fails to state a claim on which relief may be granted.

> Section 1915(d) is designed largely to discourage the filing of, and waste of
> judicial and private resources upon, baseless lawsuits that paying litigants

---

[1] Prior to the Prison Litigation Reform Act, Pub.L. 104-134, § 804, dismissal was authorized under 28 U.S.C. § 1915(d), which provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

> generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory.

Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "To the extent that a complaint filed in forma pauperis which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." Id.

Indian Tribal Court judgments are entitled to full faith and credit under Article IV, Section 1 of the United States Constitution, Cornells v. Shannon, 63 F. 305, 306 (8th Cir. 1894), or are entitled to enforcement under the principles of comity. SDCL § 1-1-25, Gesinger v. Gesinger, 531 NW2d 17, 19-20 (SD 1995). Tribal court child support orders are also subject to Full Faith and Credit for Child Support Orders Act of 1994, Pub. L. 103-383, 28 U.S.C. § 1738B, which provides, in part, that "the appropriate authorities of each State . . . shall enforce according to its terms a child support order made consistently with this section by a court of another State." 28 U.S.C. § 1738B(a)(1). The term "State" is defined by the Act to include "a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the territories and possessions of the United States, and Indian country (as defined in section 1151 of title 18)." Thus, under federal law, South Dakota must give full faith and credit to child support orders issued by the Rosebud Sioux Tribal Court and must "enforce" the child support order.

Under the federal Child Support Enforcement Amendments of 1984, Pub. L. 98-378, 42 U.S.C. § 666(a)(2), the states are required to institute a procedure for wage withholding of child support arrearages "without the need for a judicial or administrative hearing." 42 U.S.C. § 666(a)(1)(B). The Family Support Act of 1998, Pub. L. 100-485, § 101(a), 42 U.S.C. § 666(b)(3), requires income withholding even if support payments are not in arrears. Pursuant to 42 U.S.C. § 666(b)(8), "the term 'income' means any periodic form of payment due to an individual, regardless of source." Federal law dictates that each state enact the Uniform Family Support Act. 42 U.S.C. § 666(f). South Dakota adopted the Act effective January 1, 1998, SDCL § 25-9B.

Under South Dakota's Uniform Family Support Act, the South Dakota Department of Social Services (DSS) is a tribunal authorized to enforce child support orders. SDCL § 25-9B-102. Unemployment compensation is a type of income, SDCL § 25-9B-101(5), subject to withholding for the payment of a support order. The South Dakota Department of Labor is

required to withhold unemployment insurance benefits and forward those benefits to DSS upon notice from DSS that a person owes child support. SDCL § 25-7A-56.10.

Plaintiff contends that DSS engaged in the unlawful taking of his property, state unemployment insurance benefits, without authority or jurisdiction to do so. Clearly, under federal and state law, DSS has authority and is required to request the South Dakota Department of Labor to withhold unemployment insurance benefits to pay a support order from the Rosebud Sioux Tribal Court. Plaintiff contends DSS deprived him of property without due process. The statutes in question have elaborate schemes to contest the validity of the support order (plaintiff does not contest the validity of the support order at issue) and to contest the wage withholding.

Plaintiff contends that, as a tribal member, he has a right to be protected from the legislative enactments of the State of South Dakota. Specifically, he contends that "DSS' actions impose the laws and regulations of the State of South Dakota on a citizen of the Rosebud Sioux Tribe . . . without the authority of the United States Congress to do so . . ." Not only is DSS authorized to request the South Dakota Department of Labor to withhold unemployment insurance benefits to pay the tribal court support judgment, it is required by federal law to do so.

I find that plaintiff has instituted a meritless claim and therefore his request to proceed pursuant to 28 U.S.C. § 1915 should be denied. Pursuant to Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989), and 128 U.S.C. § 1915(d), this matter should be dismissed.

Now, therefore,

IT IS ORDERED that the application, Doc. 3, to proceed without the prepayment of fees is denied. This matter is dismissed without prejudice to reinstitute plaintiff's claims upon payment of the statutory filing fee.

Dated this 20th day of July, 2007.

BY THE COURT:

*Charles B Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J Joseph*
    DEPUTY
(SEAL)